IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JAMAL SHEHADEH,

                    Petitioner,

          v.                              CASE NO. 16-3259-JWL

N.C. ENGLISH,

                    Respondent.


MEMORANDUM AND ORDER

    This matter is a petition for habeas corpus filed under 28 U.S.C.
§ 2241. Petitioner proceeds pro se, and the Court grants leave to
proceed in forma pauperis.

    Petitioner is incarcerated at the U.S. Penitentiary,
Leavenworth, Kansas. He seeks relief in habeas corpus to obtain
immediate release from his placement in the Special Housing Unit
("SHU") and to expunge his pending administrative disciplinary
report. In the alternative, he seeks mandamus relief directing
officials to transfer the disciplinary report to the hearing officer.

**Background**

    On November 9, 2016, staff conducted a search of petitioner's
cell and found a green leafy substance in a common area. Staff issued
petitioner a disciplinary report for possession of K2 and transferred
him to the SHU. As a result of that transfer, petitioner has no access
to the telephone, law library, food commissary, outdoor recreation,
e-mail, and other privileges.

    On November 12, 2016, staff served petitioner with a disciplinary
report dated November 10, 2016. Petitioner complains that he has not
received an initial hearing or appeared before a Discipline Hearing

Officer ("DHO").

Petitioner recognizes that an initial appearance and referral to the DHO may be deferred when a disciplinary matter is referred for prosecution, but he believes that no such referral will be made until the substance seized tests positive for narcotics.

## Analysis

### 1. The claims for habeas corpus relief

A federal inmate is entitled to habeas corpus relief under 28 U.S.C. § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

A prisoner's earned good time credit cannot be withheld without the minimum due process requirements identified in *Wolff v. McDonnell*, 418 U.S. 439, 566-67 (1974) and *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 457 (1985). Here, because no disciplinary action has occurred, a claim for habeas corpus relief is premature.

Next, to the extent petitioner complains of the processing time in his disciplinary action, where a matter has been referred for possible prosecution, the administrative disciplinary action is suspended.

The governing policy statement, Bureau of Prisons Program Statement 5270.09[1], provides:

> When it appears likely that the incident may involve criminal prosecution, the investigating officer suspends the investigation. Staff may not question the inmate until the FBI or other investigative agency releases the incident report for administrative processing. The incident report should then be delivered to the inmate by the end of the next business day. The time frame for processing the incident report is suspended until it is released for processing.

---

[1] www.bop.gov/policy/progstat/5270_009

A delay resulting from a referral for possible prosecution, however, does not entitle petitioner to habeas corpus relief.

Finally, to the extent petitioner seeks release from the SHU, he does not state a claim for habeas corpus relief. His placement in administrative segregation does not "involve deprivation of a liberty interest independently protected by the Due Process Clause." *Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006).

While petitioner's conditions of confinement in the SHU may be more difficult than those in a general population housing area, the Constitution does not create a protected interest in avoiding a transfer to more adverse conditions of confinement. *See Moody v. Daggett*, 429 U.S. 78, 87 n.9, (1976)(absent a state-created liberty interest, the Due Process Clause is not implicated by a change in a prisoner's security classification or transfer from one facility to another).

**2. The claim for mandamus relief**

Mandamus relief is available "to compel a government officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A party seeking mandamus relief must show "(1) that he has a clear right to relief, (2) that he [official's] duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005).

Petitioner asks the Court to direct the immediate transfer of

his disciplinary action to the DHO. The Court finds no basis to grant this request.

If, as it appears, this matter has been referred for possible prosecution, the administrative disciplinary action is suspended under Bureau of Prisons policy. Otherwise, if the matter has not been referred, the Court finds no mandatory provision that warrants mandamus relief. The regulations provide that the facility's Unit Discipline Committee ("UDC") will ordinarily review an incident report within 5 days of its issuance, 28 C.F.R. § 541.7(c), and that where a prisoner is charged with a Greatest or High severity prohibited act, the UDC will automatically refer the matter to the DHO for review. § 541.7(b)(4). Neither provision, however, suggests that petitioner is plainly entitled to mandamus relief to obtain immediate review of the incident report.

For the reasons set forth, the Court concludes petitioner's request for habeas corpus is premature and subject to dismissal. Likewise, because the petitioner has not shown any mandatory or ministerial duty to grant the remedy of immediate transfer that he seeks, the Court denies mandamus relief.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

IT IS FURTHER ORDERED petitioner's motion to proceed in forma pauperis (Doc. #2) is granted.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. #3) is denied.

**IT IS SO ORDERED.**

DATED:  This 4th  day of January, 2017, at Kansas City, Kansas.


s/ John W. Lungstrum
JOHN W. LUNGSTRUM
U.S. Senior District Judge